IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 1:18-cv-00102-LCB-JEP |
| v. | ) |
| MARK A. LOVELY, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

### I. Nature of the Matter

The United States seeks to collect the unpaid federal income taxes and civil penalties assessed against the defendant Mark A. Lovely. A delegate of the Secretary of the Treasury assessed federal income taxes against Mr. Lovely for the 2000, 2003 through 2006, 2010 through 2012 and 2014 tax years, and civil penalties under 26 U.S.C. § 6702(a) for frivolous tax submissions for the 1999, 2000, 2003 through 2006, 2010 through 2013, 2015 and 2016 tax years.

Mr. Lovely has failed to pay his liabilities in full. As a result, as of September 17, 2018, Mr. Lovely is indebted to the United States in the amount of $94, 317 for the federal income tax assessments and $84,427 for the civil penalty assessments plus statutory interest and penalties that have accrued since that date and will continue to accrue until paid in full.

Mr. Lovely asserts a counter-claim for a refund of all taxes his employer withheld from his salary from 1999 to the present. In support of his claim, Mr. Lovely asserts that he has "exercised no government granted privileges nor been involved in any federally taxable activities" that would require him to pay federal income tax. He also asserts that there is no congressional authority creating the Internal Revenue Service and without such authority, the United States cannot collect his unpaid federal income tax liabilities. Courts have repeatedly rejected these arguments as frivolous. Furthermore, Mr. Lovely fails to state a claim for a tax refund because he fails to assert that he has complied with the requirements for a claim for refund set forth in 26 U.S.C. §§ 6511 and 7422.

There is no genuine dispute of material fact and the United States is entitled to judgment as a matter of law. Accordingly, the Court should grant the United States' motion for summary judgment.

II.     **Statement of Undisputed Facts**

    a.  **Civil Penalty Assessment under 26 U.S.C. § 6702(a)**

Mr. Lovely is a tax defier who claims that he did not earn income during 1999, 2000, 2003 through 2006, 2010 through 2013, 2015 and 2016 tax years. (Dkt. No. 4, Answer, page 5 "Defendant has exercised no government granted privileges nor been involved in any federally taxable activities for which the indirect, uniform, excise tax would be due; pg. 6 "Defendant is a nontaxpayer…"). Mr. Lovely filed income tax returns for these years that reported zero income but claimed tax withholdings and a standard deduction. (Declaration of Anita Bond "Bond Declaration" ¶ 6). Internal

2

Case 1:18-cv-00102-LCB-JEP   Document 25   Filed 12/17/18   Page 2 of 13

Revenue Service ("IRS") records show that Mr. Lovely was a W-2 wage earner during these years and earned income as follows:

| Tax Year | Payor | Income |
|---|---|---|
| 1999 | | $40,522 (wages) |
| 2000 | Trinidad International Maintenance Corp.<br>2 stock sales | $46,041 (wages)<br>$ 3,648 (capital gains) |
| 2003 | Trinidad International Maintenance Corp.<br>Unemployment Compensation | $33,637 (wages)<br>$ 3,264 (unemployment) |
| 2004 | Trinidad International Maintenance Corp.<br>Interest Income | $40,654 (wages)<br>$ 21 |
| 2005 | Trinidad International Maintenance Corp.<br>Tradewinds Airline Inc. | $10,215 (wages)<br>$19,285 (wages) |
| 2006 | Tradewinds Airline Inc.<br>Pace Airlines Inc.<br>USA Carriers Inc.<br>Prudential Retirement | $31,997 (wages)<br>$ 350 (wages)<br>$ 9,053 (wages)<br>$10,135 (IRA distribution) |
| 2010 | Mayberry HR Outsourcing Inc.<br>Triad International Maint. Corporation | $ 512 (wages)<br>$ 49,246 (wages) |
| 2011 | Employment Security commission of NC<br>Triad International Maint. Corporation | $ 318 (1099-G)<br>$48,186 (wages) |
| 2012 | Sky Lease I, Inc.<br>Triad International Maint. Corporation | $ 11,153 (wages)<br>$18,070 (wages) |
| 2013 | Sky Lease I, Inc. | $50,884 (wages) |
| 2015 | Sky Lease I, Inc.<br>Swift Air, LLC. | $36,272 (wages)<br>$14,686 (wages) |
| 2016 | Swift Air, LLC.<br>Unemployment Compensation | $22,411 (wages)<br>$ 9,120 |

(Bond Declaration ¶ 7).

3

Based on this income information, the IRS determined that the tax returns Mr. Lovely filed, reporting zero income, were frivolous. (Bond Declaration ¶ 8). Accordingly, a delegate of the Secretary of the Treasury assessed civil penalties against him under 26 U.S.C. § 6702(a) for frivolous tax submissions as follows:

| Penalty Type | Tax Period Ending | Date of Assessment | Amount of Assessment |
|---|---|---|---|
| Frivolous Tax Submissions §6702A | 12/31/1999 | 05/23/2011<br>12/12/2011 | $5,000<br>$5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2000 | 06/20/2011 | $5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2003 | 06/20/2011 | $5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2004 | 06/20/2011 | $5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2005 | 07/22/2013 | $10,000 |
| Frivolous Tax Submissions §6702A | 12/31/2006 | 06/20/2011 | $5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2010 | 03/24/2014 | $5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2011 | 08/11/2014 | $5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2012 | 10/20/2014 | $5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2013 | 07/07/2014 | $5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2015 | 01/02/2017 | $5,000 |
| Frivolous Tax Submissions §6702A | 12/31/2016 | 07/24/2017 | $5,000 |

(Bond Declaration ¶ 9).

Statutory interest has been assessed against Mark A. Lovely on the unpaid balance of his civil penalty liability under 26 U.S.C. § 6601(a) and (b), at a rate set forth in 26 U.S.C. § 6621(a). (Bond Declaration ¶ 10). As of September 17, 2018, Mark A. Lovely is indebted to the United States with respect to the civil penalty assessments made against

him for the 1999, 2000, 2003 through 2006, 2010 through 2013, 2015 and 2016 tax years, as set forth below:

| Penalty Type | Tax Period Ending | Date of Assessment | Outstanding balance (as of 9/17/2018) |
|---|---|---|---|
| §6702A | 12/31/1999 | 05/23/2011 | $12,750 |
| §6702A | 12/31/2000 | 06/20/2011 | $6,416 |
| §6702A | 12/31/2003 | 06/20/2011 | $6,416 |
| §6702A | 12/31/2004 | 06/20/2011 | $6,416 |
| §6702A | 12/31/2005 | 07/22/2013 | $12,027 |
| §6702A | 12/31/2006 | 06/20/2011 | $6,416 |
| §6702A | 12/31/2010 | 03/24/2014 | $5,890 |
| §6702A | 12/31/2011 | 08/11/2014 | $5,823 |
| §6702A | 12/31/2012 | 10/20/2014 | $5,790 |
| §6702A | 12/31/2013 | 07/07/2014 | $5,839 |
| §6702A | 12/31/2015 | 01/02/2017 | $5,378 |
| §6702A | 12/31/2016 | 07/24/2017 | $5,266 |
| **Total** | | | **$84,427** |

(Bond Declaration ¶ 11).

The IRS sent Mr. Lovely notice and demand for payment of his unpaid civil penalties. (Bond Declaration ¶ 19). However, Mr. Lovely has failed or refused to pay his outstanding balance. (Bond Declaration ¶ 20).

### b. Federal Income Tax Assessments

A delegate of the Secretary of the Treasury made federal income tax assessments against Mr. Lovely for the 2000, 2003 through 2006, 2010 through 2012 and 2014 tax years as follows:

| Tax Type | Tax Period Ending | Date of Assessment | Amount of Assessment |
|---|---|---|---|
| Income | 12/31/2000 | 03/03/2008 | $8,967 |
| Income | 12/31/2003 | 02/25/2008 | $4,091 |
| Income | 12/31/2004 | 03/03/2008 | $4,919 |
| Income | 12/31/2005 | 02/25/2008 | $2,834 |
| Income | 12/31/2006 | 02/25/2008 | $8,340 |
| Income | 12/31/2010 | 03/10/2014 | $3,807 |
| Income | 12/31/2011 | 03/09/2015 | $5,881 |
| Income | 12/31/2012 | 09/28/2015 | $1,693 |
| Income | 12/31/2014 | 06/01/2015 | $7,963 |

(Bond Declaration ¶ 12). The federal income tax assessments made against Mark A. Lovely are based on the income information reported to the IRS by third parties and the 2014 income tax return he filed. (Bond Declaration ¶ 13).

Statutory interest and penalties have accrued on the federal income tax liabilities under 26 U.S.C. § 6601(a) and (b) from the date his tax liabilities became due, at a rate set forth in 26 U.S.C. § 6621(a). (Bond Declaration ¶ 14). Statutory penalties have accrued on the income tax liabilities for: (a) his failure to pre-pay his taxes under 26 U.S.C. § 6654 for the 2000, 2003 through 2006 tax years; (b) his failure to timely file returns and pay the taxes due 26 U.S.C. § 6651 for the 2000, 2003 through 2006, 2011, 2012 and 2014 tax years; and (c) understating his income for the 2011 and 2012 tax years. (Bond Declaration ¶¶ 15-17).

Mark A. Lovely is liable for the income tax interest and penalties for the 2000, 2003 through 2006, 2010 through 2012 and 2014 tax years, as of September 17, 2018, as follows:

| Tax year | Date of Assessment | Tax Assessment | Outstanding balance (as of 9/17/2018) |
|---|---|---|---|
| 2000 | 03/03/2008 | $8,967 | $16,020 |
| 2003 | 02/25/2008 | $4,091 | $11,347 |
| 2004 | 03/03/2008 | $4,919 | $13,031 |
| 2005 | 02/25/2008 | $2,834 | $7,115 |
| 2006 | 02/25/2008 | $8,340 | $14,731 |
| 2010 | 03/10/2014 | $3,807 | $5,880 |
| 2011 | 03/09/2015 | $5,881 | $14,490 |
| 2012 | 09/28/2015 | $1,693 | $6,773 |
| 2014 | 12/31/2014 | $7,963 | $4,930 |
| **Total** | | | **$94,317** |

(Bond Declaration ¶ 18).

The IRS sent Mark A. Lovely notice and demand for payment of the federal income taxes assessed against him. (Bond Declaration ¶ 19). Despite notice and demand for payment, Mark A. Lovely has failed to pay his federal income tax liabilities in full. (Bond Declaration ¶ 20).

**III. Questions Presented**
   a. Is the United States entitled to judgment against Mark A. Lovely for the civil penalties assessed against him under 26 U.S.C. § 6702(a) for filing frivolous tax submissions for the 1999, 2000, 2003 through 2006, 2010 through 2013, 2015 and 2016 tax years when he filed returns that reported zero income but his employers reported paying him income?

   b. Is the United States entitled to judgment against the defendant Mark A. Lovely in the amount of his unpaid federal income tax liabilities for the 2000, 2003 through 2006, 2010 through 2012 and 2014 tax years when the tax assessments are based on income information reported to the IRS by his employers and other third parties?

c. Is the defendant entitled to a tax refund when he filed returns that falsely reported zero income but claimed tax withholdings and deductions?

## IV. Summary Judgment Standard

A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute should only preclude the entry of summary judgment if it might change the outcome of the suit. *Id.* Once the movant has shown that no genuine dispute of material facts exists, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## V. Argument

### a. The United States is Entitled to Judgment in the Amount of the Federal Income Taxes and Civil Penalties Assessed against Mr. Lovely.

An assessment by the IRS is a determination that a taxpayer owes taxes to the United States. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). These assessments are "entitled to a legal presumption of correctness," and establish a prima facie case of a tax liability. *Id.* The United States can rely on the Form 4340 Certificates of Assessments, Payments and other specified matters to create the presumption. *United States v. Short*, No. 1:13-CV-899, 2015 WL 9592521, at *3 (M.D.N.C. Dec. 31, 2015) (citing *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980)). To rebut this

presumption, a taxpayer must present evidence that contradicts the assessment and establishes that the IRS assessment is incorrect. *Id.* (citing *Pomponio,* 635 F.2d at 296).

### i. Civil Penalty Assessments

Mark A. Lovely is a tax defier and filed frivolous income tax returns for the 1999, 2000, 2003 through 2006, 2010 through 2013, 2015 and 2016 tax years. On these returns, Mark A. Lovely reported zero income but claimed tax withholdings and deductions. Because his employers and other third parties reported paying him income for these years, the IRS concluded that these returns contained information that on its face indicated that they were substantially incorrect. Government exhibit D contains copies of the tax returns Mr. Lovely filed. There is not a copy of his 2000 tax return, however, based on the civil penalty assessment shown on the transcripts (exhibit A and B), and his statement about not being involved in federally taxable activity, despite evidence to the contrary, it can be concluded that he also filed such a return in 2000. Accordingly, a delegate of the Secretary of the Treasury assessed penalties against him pursuant to 26 U.S.C. § 6702(a).

### ii. Federal Income Tax Assessment

A delegate of the Secretary of the Treasury made federal income tax assessments against Mark A. Lovely for the 2000, 2003 through 2006, 2010 through 2012 and 2014 tax years. The tax assessment made against Mark A. Lovely for the 2014 tax year is based on the federal income tax return he filed. For all of the other years, the tax assessments are based on the income information reported to the IRS by Mark A. Lovely's employer and other third parties. Accordingly, a delegate of the Secretary of the

9

Treasury used this income information and assessed federal income taxes against him for 2000, 2003 through 2006, and 2010 through 2012 tax years.

### iii. Outstanding Balance

Statutory interest and penalties have accrued on Mr. Lovely's federal income tax liability. Notice and demand for payment was given to Mark A. Lovely for the assessments made against him with respect to the years at issue, but he has refused to pay his liabilities. Mark A. Lovely is indebted to the United States for the federal income taxes for the 2000, 2003 through 2006, 2010 through 2012 and 2014 tax years in the amount of $94,317 as of September 17, 2018 plus interest and penalties that have accrued after that date until paid in full; and for civil penalties under 26 U.S.C. 6702(a) for frivolous tax submissions for the 1999, 2000, 2003 through 2006, 2010 through 2013, 2015 and 2016 tax years in the amount of $84,427 as of September 17, 2018 plus interest that has accrued after that date until paid in full.

### b. Mr. Lovely is not Entitled to a Tax Refund

In his "Common Law Compulsory Counter Claim" and second motion to dismiss, Mark A. Lovely asserts that the taxes his employer withheld from his income should be returned to him with interest and penalties. The United States construes this as a claim for a tax refund.

The United States waived sovereign immunity under 28 U.S.C. § 1346(a) for suits to recover any "tax alleged to have been erroneously or illegally assess or collected." *Flora v. United States,* 362 U.S. 145, 180 (1960). However, a district court has jurisdiction over such actions only if the taxpayer has exhausted administrative remedies

by filing an administrative claim with the IRS within three year from the time the return was filed or two years from the time the tax was paid. *United States v. Williams*, 514 U.S. 527, 533 (1995)(citing 26 U.S.C. §§ 7422 and 6511(a).

Mark A. Lovely does not have a valid claim for a refund of taxes erroneously or illegally collected. In support for his claim for refund, Mr. Lovely argues that, despite being a w-2 wage earner, he has "exercised no government granted privileges nor been involved in any federally taxable activities" that would require him to pay federal income tax. Accordingly, he filed federal income tax returns that reported zero income but claimed tax withholdings and standard deductions. Mr. Lovely's argument is meritless. The taxes withheld from his income were not erroneously or illegally collected. Mr. Lovely's employer has an obligation under 26 U.S.C. §§ 3102 and 3402 to withhold and pay these taxes to the IRS.

Courts have also rejected Mr. Lovely's argument— that there is no congressional authority creating the Internal Revenue Service and without such authority, the United States cannot collect his unpaid federal income tax liabilities. Section 7801(a) of the Internal Revenue Code (26 U.S.C.) gives the Secretary of the Treasury authority to administer and enforce the Internal Revenue Code. Pursuant to that grant of authority, the Secretary of the Treasury created the Internal Revenue Service. *Snyder v. I.R.S.,* 596 F. Supp. 240, 247 (N.D. Ind. 1984); 26 U.S.C. § 7802(a). Accordingly, "the IRS is an agency of the Department of the Treasury, created pursuant to Congressional statute." *Id. see also: Salman v. Jameson*, 52 F.3d 334 (9th Cir. 1995)("the [] argument that the Internal Revenue Service is not a governmental agency is wholly without merit.").

Additionally, Congress has authorized the United States to recover tax taxes owed by enacting 28 U.S.C. § 7402(a). *Pendergrass v. Sullivan*, No. 5:14-CV-287-FL, 2014 WL 6783176, at *3 (E.D.N.C. Dec. 2, 2014).

Accordingly, Mark A. Lovely is not entitled to a refund of the withheld taxes. Furthermore, Mark A. Lovely has failed to properly assert a claim for refund pursuant to 26 U.S.C. §§ 7422 and 6511 by failing to submit a claim for refund to the IRS.

## VI. Conclusion

There is no genuine dispute as to any material fact. A delegate of the Secretary of the Treasury made federal income tax and civil penalty assessments against the defendant Mark A. Lovely for the 1999, 2000, 2003 through 2006 and 2010 through 2016 tax years. Despite notice and demand for payment of these assessments, Mark A. Lovely has refused to pay his outstanding income tax liabilities. Accordingly, the United States is entitled to judgment for Mark A. Lovely's the federal income tax liability for the 2000, 2003 through 2006, 2010 through 2012 and 2014 tax years in the amount of $94,317 as of September 17, 2018 plus interest and penalties that have accrued after that date until paid in full; and for civil penalties under 26 U.S.C. 6702(a) for frivolous tax submissions for the 1999, 2000, 2003 through 2006, 2010 through 2013, 2015 and 2016 tax years in the amount of $84,427 as of September 17, 2018 plus interest that has accrued after that date until paid in full. Consequently, the United States' Motion for Summary Judgment should be granted.

Date: December 17, 2018        RICHARD E. ZUCKERMAN
                                          Principal Deputy Assistant Attorney General

*/s/ Erin F. Darden*
ERIN F. DARDEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-6501 (v)
202-514-6866 (f)
Erin.Darden@usdoj.gov