IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:18-cv-00102-LCB-JEP |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARK A. LOVELY, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' REPLY TO THE DEFENDANT'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

The Court should enter summary judgment in favor of the United States and against the defendant Mark A. Lovely for his federal income tax liabilities because federal income taxes and civil penalties were properly assessed against him and he has failed to pay his federal tax liabilities.

In his opposition, Mr. Lovely asserts he does not have federal income tax liabilities because the compensation he earned does not constitute taxable income. (Dkt. Nos. 28-32). Mr. Lovely's position relies on arguments that courts have routinely deemed meritless.[1] For the reasons explained below, Mr. Lovely has failed to present facts that show there is a genuine issue for trial.

---

[1] Mr. Lovely made the same argument when he filed a Tax Court petition in 2015 to challenge the same civil penalty assessments made against him for the 2005 and 2012 tax years. The Tax Court found his argument frivolous and that there was "no need to refute [his] arguments with somber reasoning and copious citation of precedent; to do so might suggest that it has some merit." *Mark A. Lovely v. C.I.R.* Dkt. No. 4855-14L T.C. Memo.2015-135.

## Argument

When a motion for summary judgment is made and properly supported, it should be granted unless the adverse party sets forth specific facts showing that there are genuine issues for trial. Fed. R. Civ. P. 56(e); *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968). The adverse party may not rely on mere allegations of a conspiracy and denials in his pleadings, but must set forth evidence that would lead a reasonably jury to return a favorable verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-9 (1986) (internal quotes omitted).

### A. There is no genuine dispute that Mr. Lovely did not earn taxable income during the years at issue and that he was properly assessed income taxes.

The IRS determined Mr. Lovely's federal income tax liabilities for the 2000, 2003 through 2006, 2010 through 2012 and 2014 tax years based on the income information (wages, unemployment compensation, investment and retirement distributions) it received from third parties, and the 2014 income tax return he filed. Mr. Lovely argues that the income reported to the IRS does not constitute "wages," subject to tax, because he is not an "employee" within the definition of the Internal Revenue Code ("I.R.C.") (26 U.S.C.). He states he is not an "employee" because he is not a government employee or corporate officer and thus "has not been involved in any federally taxable activity, nor has he exercised any government granted privileges that would classify him as an Employee working for an "Employer."" (Dkt. No. 28, pg. 2; Dkt. No. 29, pp. 3 and 9; Dkt. No. 30, pp. 3 and 9; Dkt. No. 32, ¶ 4).

An "employee" is not only a government employee or corporate officer as Mr. Lovely asserts. Section 3401(c) of the I.R.C. explicitly states that the term "employee" *includes* these individuals, but the use of *includes* does not *exclude* any other person otherwise within the meaning of "employee." *see* 26 U.S.C. § 7701(c); *see also United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985) (holding that the argument "that under 26 U.S.C. § 3401(c) the category

2

of 'employee' does not include privately employed wage earners is a preposterous reading of the statute. It is obvious that within the context of both statutes the word 'includes' is a term of enlargement not of limitation, and the reference to certain entities or categories is not intended to exclude all others."); *see also Sullivan v. United States*, 788 F.2d 813, 815 (1st Cir. 1986) ("To the extent [the taxpayer] argues that he received no 'wages' [] because he was not an 'employee' within the meaning of 26 U.S.C. § 3401(c), that contention is meritless. Section 3401(c), which relates to income tax withholding, indicates that the definition of 'employee' includes government officers and employees, elected officials, and corporate officers. The statute does not purport to limit withholding to the persons listed therein.").

Courts have uniformly rejected the argument that Congress can only tax income from the exercise of privileges or the income from revenue taxable activities. Wages or compensation for services constitute income that is subject to the federal income tax-regardless of its nature. *United States v. Melton*, 86 F.3d 1153 (4th Cir. 1996)(citing *Brushaber v. Union Pacific R.R. Co.*, 240 U.S. 1, 11, 16-19 (1916); *see also United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir.1991), cert. denied, 502 U.S. 1060 (1992) (rejecting this tax protester argument and holding "that the Internal Revenue Code imposes a tax on all income and that wages are income." Consequently, "all individuals must pay federal income tax on their wages regardless of whether they requested obtained or exercised any privilege from the federal government.").

Mr. Lovely did not set forth any facts to dispute that he worked for the companies identified or that he received the income as stated in the United States' motion. Instead he makes illogical legal arguments that he is not an "employee" and that his compensation does not constitute taxable income. These argument are meritless. During the tax years at issue, Mr. Lovely was an "employee" within the meaning of the I.R.C. as evidenced by various companies

3

submitting W-2s to the IRS reporting wages paid to him and taxes withheld from such wages. Mr. Lovely therefore, earned taxable income and is liable for the federal income tax assessments made against him.

Mr. Lovely also incorrectly asserts that the United States is obligated to execute a substitute return on his behalf under penalty of perjury, and that the lack of such a return on the record establishes that he does not have a tax liability. The absence of a substitute return does not invalidate his tax liability because a substitute return is immaterial. It is the tax assessments that are material and create a prima facie case of a tax liability. The tax assessments made against Mr. Lovely are based on the income he earned for the years at issue and are supported by the Forms 4340 Certified Transcripts (Gov. Ex. A, Dkt. No. 24-2), Account Transcripts (Gov. Ex. B, Dkt. No. 24-3), audit examination summaries (Gov. Ex. C, Dkt. No. 24-4), the 2014 tax return he filed (Gov. Ex. D, Dkt. No. 24-6, pp. 15-16) and the wage and income transcripts (Gov. Ex. E, Dkt. No. 24-7) submitted with the United States' motion. Mr. Lovely has not established how these assessments are not accurate.

    **B. There is no genuine dispute that Mr. Lovely made frivolous tax submissions and the IRS properly assessed penalties against him under 26 U.S.C. § 6702(a).**

The United States submitted evidence that despite receiving income during the years at issue, Mr. Lovely filed federal income tax returns reporting zero income and claiming various deductions. (Gov. Ex. D, Dkt. No. 24-6). Mr. Lovely asserts that his tax submissions are not frivolous and the Forms 4852, attached to his response, support his position that he earned zero income during the years at issue. (Dkt. No. 28, pg. 4; Dkt. No. 29, pg. 3; Dkt. No. 30, pg. 3; Dkt. No. 29-1).

4

Form 4852 is used by a taxpayer as a substitute for Form W-2, Wage and Tax Statement, when their employer does not give them such documentation or has issued an incorrect W-2.[2] When a taxpayer submits a Form 4852 reporting zero income, but the taxpayer's employer submits a W-2 reporting income, courts have found that the taxpayer's submission is frivolous and the accuracy of the taxpayer's position cannot be judged. *Blaga v. Comm'r*, 100 T.C.M. (CCH) 91 (T.C. 2010); *see also Yuen v. United States*, 290 F.Supp.2d 1220, 1224 (D.Nev.2003) (holding a taxpayer had taken a frivolous position based on the argument that his wages do not constitute taxable income).

Mr. Lovely's tax submissions reporting zero income are frivolous and the correctness of the assertions cannot be judged because he filed income tax returns and Forms 4852 reporting he earned zero income, but his employers submitted W-2s reporting he received income. As stated in the United States' motion, for the years at issue, on average, Mr. Lovely's annual income exceeded $36,000. (Dkt. No. 25, p. 3). Having received W-2s from his employers, on its face, Mr. Lovely's submissions reporting zero income are substantially incorrect. The Forms 4852 submitted by Mr. Lovely and his blanket denial of the 2014 tax return the United States submitted is not sufficient evidence that would lead a reasonable jury to return a verdict in his favor as to the frivolousness of his submissions.

Lastly, Mr. Lovely attempts to create a dispute as to his tax liability, by noting that for two tax years his frivolous returns were processed by the IRS. (Dkt. No. 29 pp. 5-8, Dkt. No. 30, pp. 5-8 and Dkt. No. 31). Most income tax returns are automatically processed by the Internal Revenue Service and are not subject to an audit unless there is suspected conduct that violates the I.R.C. As Revenue Officer Bond stated, the filing of a tax return that reports zero income but

---

[2] https://www.irs.gov/forms-pubs/about-form-4852

5

Case 1:18-cv-00102-LCB-JEP   Document 36   Filed 02/06/19   Page 5 of 7

claims tax withholdings and deductions, could result in an erroneous overpayment or refund. (Dkt. No. 24-1, ¶ 6). Due to this process, Mr. Lovely's frivolous returns generated an erroneous overpayment that was applied to his tax liability for another year. This was an error and does not make Mr. Lovely's submissions any less frivolous nor does it alleviate Mr. Lovely of his income tax liabilities.

**C. There is no genuine dispute that Mr. Lovely is not entitled to a tax refund.**

Mr. Lovely has not established a waiver of sovereign immunity for his claim for a tax refund because he has not shown his claim has met the requirements in 26 U.S.C. §§ 7422 and 6511. Accordingly, Mr. Lovely is not entitled to a refund of the taxes withheld from his wages.

**Conclusion**

The United States' motion for summary judgment demonstrates that federal income taxes and penalties have been properly assessed against Mr. Lovely and he has failed to pay his federal income tax liabilities. Mr. Lovely has failed to set forth facts that establish there is a genuine dispute for trial. As a result, the United States is entitled to judgment in the amount of his outstanding balance. As of September 17, 2018, Mr. Lovely is indebted to the United States in the amount of $94,317 for the federal income taxes assessments and $84,427 for the civil penalty assessments plus statutory interest and penalties that have accrued since that date and will continue to accrue until paid in full. The Court should grant the United States' motion for summary judgment.

Date: February 6, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Erin F. Darden*
ERIN F. DARDEN
Trial Attorney, Tax Division

U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-6501 (v)
202-514-6866 (f)
Erin.Darden@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2019, I electronically filed the foregoing REPLY TO THE DEFENDANT'S OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those registered to receive it. I also served a copy via first-class mail to:

Mark A. Lovely
1235 Amy Lee Trial
Kernersville, NC 27284

*/s/ Erin F. Darden*
ERIN F. DARDEN
Trial Attorney
United States Department of Justice, Tax Division