IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV102 |
| | ) | |
| | ) | |
| MARK A. LOVELY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The United States of America ("Plaintiff" or the "United States") initiated this action on February 15, 2018, to "reduce to judgment federal income tax assessments . . . and civil penalties" against Defendant Mark Lovely. (ECF No. 1 at 1.) Before the Court are three motions filed by Defendant who proceeds *pro se* in this matter: (i) two motions to dismiss, (ECF Nos. 7, 20); and (ii) a motion for more definite statement, (ECF No. 17). For the reasons set forth below, each of Defendant's motions will be denied.

**I.    BACKGROUND**

The Complaint alleges that Defendant is a taxpayer who resides in Kernersville, North Carolina against whom unpaid federal income tax liabilities and civil penalties have been assessed by a delegate of the Secretary of the Treasury. (ECF No. 1 ¶¶ 4, 6.) According to the Complaint, Defendant owes $90,913 in unpaid federal income taxes and $81,452 in civil penalties for filing frivolous tax returns. (*Id.* ¶¶ 6, 12.) Plaintiff seeks a judgment its favor against Defendant for these unpaid assessments. (*Id.* at 4–5.) In addition to Defendant's three

motions currently before the Court, Defendant has filed a pleading captioned, in pertinent part, "Answer, Jurisdictional Challenge, and Demand for Disclosure." (ECF No. 4.) This filing fails to directly respond to the allegations in Plaintiff's Complaint; rather, it appears to present a series of arguments regarding this Court's jurisdiction to hear this matter. (*See id.*) Thus, before addressing Defendant's motions currently before the Court, the Court will first address the issue of subject matter jurisdiction.

## II. SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is a threshold issue that relates to the court's power to hear a case and must be decided before a determination on the merits of the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). A motion challenging jurisdiction is generally made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of proving subject matter jurisdiction rests with the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). "The United States Code confers subject matter jurisdiction on the federal district courts in two ways—where there is federal question jurisdiction and where there is diversity jurisdiction." *Holbrook v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 3:16-cv-03705, 2016 WL 7645588, at *6 (S.D.W. Va. Dec. 6, 2016) (citing 28 U.S.C. §§ 1331, 1332), *report and*

*recommendation adopted*, 2017 WL 55872 (S.D. W. Va. Jan. 4, 2017). "[A] party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Here, Plaintiff cites four federal statutory provisions as a basis for jurisdiction by this Court: (1) 28 U.S.C. § 1340; (2) 28 U.S.C. § 1345; (3) 26 U.S.C. § 7401; and (4) 26 U.S.C. § 7402(a). (ECF No. 1 ¶ 1.) These provisions provide, in relevant part, the following:

(1) "[D]istrict courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue," 28 U.S.C. § 1340;

(2) "[D]istrict courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States," *id.* § 1345;

(3) "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced," 26 U.S.C. § 7401; and

(4) "[T]he district courts of the United States . . . shall have such jurisdiction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws," *id.* § 7402(a).

This is an action brought by the United States requesting that this Court reduce to judgment federal tax liabilities and civil penalties assessed against Defendant. (*See* ECF No. 1 at 1.) The statutory provisions outlined above are clear, pertain directly to the issues alleged in Plaintiff's Complaint, and confer upon this Court the power to hear this matter.

3

Accordingly, the Court finds that it has federal question subject matter jurisdiction over this case.

Defendant does not appear to contest that 28 U.S.C. §§ 1340 and 1345 grant this Court statutory authority to enter orders and decrees in favor of the United States from a civil or criminal proceeding regarding a debt specifically involving internal revenue. (*See* ECF No. 4 at 2-3.) In addition, although Defendant fails to address the application of 26 U.S.C. §§ 7401 and 7402(a) to this matter, this Court has subject matter jurisdiction over this case pursuant to the plain text of these statutes. *See United States v. Carter*, Civ. A. No. 3:15cv161, 2015 WL 9593652, at *5 (E.D. Va. Dec. 31, 2015) ("The remedy that the United States seeks, entry of judgment in the amount of unpaid assessments and penalties, is clearly 'necessary or appropriate' to 'enforce [ ]' the internal revenue laws of the United States." (alteration in original) (quoting 26 U.S.C. § 7402(a)), *aff'd*, 669 F. App'x 682 (4th Cir. 2016) (Mem.).

Further, to the extent that Defendant attempts to attack the constitutionality of the federal statutes cited by Plaintiff, "a court presumes that Congress [in enacting such statutes] has complied with the Constitution." *United States v. Comstock*, 627 F.3d 513, 518 (4th Cir. 2010) (citing *United States v. Morrison*, 529 U.S. 598, 607 (2000)). As such, a court will "invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional bounds." *United States v. Bollinger*, 798 F.3d 201, 207 (4th Cir. 2015) (quoting *Morrison*, 529 U.S. at 607). "[T]he burden of showing a statute to be unconstitutional is on the challenging party, not on the party defending the statute." *N.Y. State Club Ass'n v. City of New York*, 487 U.S. 1, 17 (1988) (emphasis omitted). Defendant attempts to patch together a host of incomprehensible arguments and citations that do nothing to demonstrate that this Court

lacks jurisdiction or that the statutes cited by Plaintiff are unconstitutional. (*See* ECF No. 4 at 1–4, 10–11.) Defendant's arguments include, among other things, that: (1) this Court has no jurisdiction to enforce a debt in Forsyth County, North Carolina; (2) the United States is a federal corporation; (3) Defendant is neither an inhabitant of the District of Columbia, nor a resident of the State of North Carolina, nor a United States Citizen, nor "a person subject to the exclusive jurisdiction of Congress." (*Id.* at 3–4.) According to Defendant, he is "an American [c]itizen of one of the several [s]tates[,] . . . not a 14th Amendment U.S. citizen." (*Id.* at 4.) However, Defendant has provided no authoritative support to persuade this Court that it lacks subject matter jurisdiction and this Court finds none. Nor is it this Court's obligation to convince Defendant of its subject matter jurisdiction over this case.

Having satisfied itself that it has subject matter jurisdiction over this action, the Court now proceeds to address Defendant's three pending motions. *See Elyazidi v. SunTrust Bank*, 780 F.3d 227, 232 (4th Cir. 2015) ("The limits of subject matter jurisdiction pose a threshold issue that th[e] court must investigate before addressing the merits [of the case]." (internal quotation marks omitted)).

### III. MOTION FOR MORE DEFINITE STATEMENT

On August 20, 2018, Defendant filed a motion captioned "Motion for More Definite Statement in Order Denying Motion to Stay," (ECF No. 17), requesting relief related to an August 16, 2018 Order filed by the Court, (ECF No. 16). Specifically, Defendant requests that the Court: (1) "[s]upply [the] parties with a more definite answer showing case law and statutory support and Findings and Conclusions by the Court," and (2) "[i]f the Court finds that it lacks [s]ubject-[m]atter [j]urisdiction, then please dismiss the case with the relief spelled

5

out in the Motion for Summary Judgement."[1] (ECF No. 17 at 2.) To the extent this motion requests that the Court provide detailed findings of fact and law as part of its Order denying Defendant's Motion to Stay, this Court declines to do so. First, as authority for the relief sought, Defendant cites Rule 52(a)(1) and (2) of the Federal Rules of Civil Procedure, which address orders arising from either a trial or an injunction, (ECF No. 17 at 1), neither of which were the subject of the Court's August 16, 2018 Order, (*see* ECF No. 16). Rather, Defendant seeks a more definite statement of an Order denying a stay of a state court foreclosure proceeding.[2] Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a *pleading* to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e) (emphasis added). This rule does not provide authority for a litigant to move for a more definite statement of a court order. *See id.*

Second, Rule 52(a)(3) provides that "[t]he Court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, *on any other motion*." Fed. R. Civ. P. 52(a)(3) (emphasis added). Third, the decision to grant or deny a stay, which was the subject of the Court's Order, is within the discretion of the Court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

---

[1] The Court notes that, at the time Defendant filed his motion for a more definite statement, there was no summary judgment motion filed by Defendant properly before the Court.

[2] Defendant's motion to stay assumed that this Court had the power to provide the requested relief. However, the Court notes that generally, "federal courts do not interfere in state court foreclosure proceedings." *Houey v. Carolina First Bank*, 890 F. Supp. 2d 611, 620 (W.D.N.C. 2012) (citing cases).

6

In its Order denying a stay the Court, having considered, among other things, the arguments by both parties, concluded that Defendant failed to provide any basis for the relief sought by Defendant. (*See* ECF No. 16.) Accordingly, Defendant's motion for a more definite statement will likewise be denied.

**IV.    MOTIONS TO DISMISS**

Defendant filed two motions to dismiss this action. (ECF Nos. 7, 20.) The first motion, filed on May 7, 2018, is captioned "Defendant's Motion to Dismiss with Prejudice This Case for Petitioner's Fraud on the Court, Failure to State a Claim Upon Which Releif [sic] Can Be Granted (12b6) [sic], and Unclean Hands." (ECF No. 7 (emphasis omitted).) The second motion, filed on November 19, 2018, is captioned "Defendant's 2nd Motion to Dismiss with Prejudice This Case for Petitioner's Fraud on the Court, Failure to State a Claim Upon Which Releif [sic] Can Be Granted (12b6) [sic], and Unclean Hands." (ECF No. 20 (emphasis omitted).) Both motions appear identical with the exception of a minor change in the caption. Each motion also attaches a Memorandum of Law which requests the same relief, advances essentially the same arguments, and cites much of the same purported authority. (*See generally* ECF Nos. 7, 20.) The Court will therefore address these motions together.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550

7

U.S. 544, 555 (2007) (citation omitted). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway*, 669 F.3d at 452; or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

To survive dismissal under Rule 12(b)(6), Plaintiff's Complaint must state a claim that is plausible on its face. Accepting as true the factual allegations in the Complaint and drawing all reasonable inferences in Plaintiff's favor, this Court concludes that the United States has stated a claim that is plausible on its face. Specifically, the Complaint alleges: (1) that federal income taxes and civil penalties have been assessed against Defendant by a delegate of the Department of Treasury; (2) that Defendant has failed to pay the assessed taxes and civil penalties; and (3) that as a result, Defendant is indebted to the United States in the amounts of $90,913 in unpaid federal income taxes and $81,452 in unpaid civil penalties. (ECF No. 1 ¶¶ 4, 6–7, 9–10, 12–13, 15–16.)

In both motions to dismiss, Defendant argues that: (1) the Internal Revenue Service ("IRS") is "a private-sector business," and "NOT a U.S. Government Agency," (ECF No. 7 at 2; ECF No. 20 at 2); (2) it is fraudulent for Plaintiff to represent that the IRS is part of the United States of America when it is a private sector business and that the IRS's claims are those of the United States when the claims are those of a private sector business, (ECF No. 7 at 3; ECF No. 20 at 3); and (3) Plaintiff "comes into this Court with unclean hands," (ECF

8

No. 7 at 3; ECF No. 20 at 3). The Court concludes that none of Plaintiff's arguments have merit. In support of Defendant's primary argument that the IRS is not a government agency, Defendant first cites a pleading filed by the Government in *Diversified Metal Products, Inc. v. T-Bow Co. Trust*, 158 F.R.D. 660 (D. Idaho 1994) (No. 93-405-E-EJI). (ECF No. 10-1.) While the Court may consider decisions of other courts as persuasive authority,³ a pleading filed by a party in a separate, unrelated lawsuit has no authoritative value here. Defendant next cites, as authority for his argument, Public Law 94-564, a statute passed in 1976 regarding amendments to the treaty which established the International Monetary Fund. (ECF No. 7 at 2; ECF No. 10-2; ECF No. 20 at 2.) Neither of the documents cited by Defendant provide any persuasive authority to support a conclusion by this Court that the IRS is not a government agency.

In contrast, Plaintiff cites both case law and statutory authority which support its position that the IRS is, indeed, an agency of the United States government. (*See* ECF No. 9 at 1–2.) As recognized by the Supreme Court, "[t]he Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code." *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 308 (1978) (citing 26 U.S.C. §§ 7801, 7802). *See United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 219 (2001) ("Congress has delegated to the [Commissioner], not to the courts, the task of prescribing all needful rules and regulations for the enforcement of the Internal

---

³ *See Ashghari-Kamrani v. United Servs. Auto. Ass'n*, Civ. A. No. 2:15-cv-478, 2016 WL 8253884, at *1 (E.D. Va. Mar. 18, 2016) ("Courts commonly consider decisions rendered in other jurisdictions for a variety of reasons, such as persuasiveness or reasoning process.").

Revenue Code." (alteration in original) (quoting *Nat'l Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 477 (1979))). Title 26 of the Code of Federal Regulations provides as follows:

> The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed.

26 C.F.R. § 601.101(a). This regulation therefore "authorizes the Internal Revenue Service to implement Title 26 of the United States Code," *i.e.*, the internal revenue code. *Stafford v. Comm'r*, 146 F.3d 868 (5th Cir. 1998) (unpublished table decision). Thus, "[r]esponsibility for administration and enforcement of the revenue laws is vested in the Secretary of the Treasury," and "[t]he Internal Revenue Service . . . is organized to carry out those responsibilities for the Secretary." *United States v. Euge*, 444 U.S. 707, 710 n.3 (1980). Accordingly, the Court agrees with Plaintiff's assertion that the IRS is a government agency.

Further, Defendant's argument that the IRS is not a government agency, has been raised and summarily rejected in other courts. *See e.g., Nevius v. Tomlinson*, No. 2:13-CV-04228-NKL, 2014 WL 1631385, at *2 (W.D. Mo. Apr. 24, 2014) (describing the plaintiff's argument that "the IRS is not a government agency" as "plainly without merit"); *Young v. I.R.S.*, 596 F. Supp. 141, 147 (N.D. Ind. 1984) (granting summary judgment in favor of the government and rejecting plaintiff's claim that the Internal Revenue Service is a private corporation, rather than a government agency); *see also United States v. Fern,* 696 F.2d 1269, 1273 (11th Cir. 1983) ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States.").

10

Because Defendant's primary contention fails and is the basis on which he makes his second and third arguments, these latter arguments likewise necessarily fail. Both of Defendant's motions to dismiss will therefore be denied.

## V. CONCLUSION

This Court appreciates its obligation to hold documents filed by *pro se* litigants to less stringent standards than those drafted by lawyers and therefore must liberally construe such filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This does not, however, require the court to "act as an advocate for a *pro se* litigant." *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978); *see also Adler v. Anchor Funding Servs., LLC*, No. 3:10cv515, 2011 WL 1843226, at *2 (W.D.N.C. May 16, 2011) (explaining that while a *pro se* complaint should be construed liberally, courts cannot assume the role of advocate "and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint" (citing *Gordon*, 574 F.2d at 1151)). Nor does this obligation require the Court to entertain arguments that simply have no merit. *See Bell v. Bell Family Tr.*, Civ. A. No. 13-0639, 2013 WL 9805802, at *5 (W.D. La. Sept. 16, 2013) ("The fact that filings are *pro se* offers a [litigant] no impenetrable shield, for one acting *pro se* has no license to . . . clog the judicial machinery with meritless litigation." (internal quotation marks omitted)), *report and recommendation adopted*, 2013 WL 9805803 (W.D. La. Oct. 11, 2013). Accordingly, this Court concludes that each of Defendant's motions lack merit and will be denied.

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, (ECF No. 7), is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for More Definite Statement, (ECF No. 17), is DENIED.

IT IS FURTHER ORDERED that Defendant's Second Motion to Dismiss, (ECF No. 20), is DENIED.

This, the 18th day of March, 2019.

/s/ Loretta C. Biggs
United States District Judge

12

Case 1:18-cv-00102-LCB-JEP   Document 37   Filed 03/18/19   Page 12 of 12