IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:18CV102 |
| MARK A. LOVELY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

The United States of America ("Plaintiff" or the "United States") brings this action to "reduce to judgment federal income tax assessments . . . and civil penalties" against Defendant Mark Lovely. (ECF No. 1 at 1.) Before the Court are: Plaintiff's Motion for Summary Judgment, (ECF No. 24); Defendant's Motion to Vacate a prior order of this Court, (ECF No. 38); and Defendant's putative counterclaim seeking a tax refund, (ECF Nos. 4 at 7–11; 30 at 7–8). For the reasons below, each of Defendant's motions will be denied and Plaintiff's motion will be granted.[1]

---

[1] Defendant also asks the Court to compel arbitration between the parties as authorized by 9 U.S.C. § 4. (ECF No. 38 at 9–10.) A district court can only compel arbitration between parties who have a "written agreement for arbitration." 9 U.S.C. § 4. As Defendant has not alleged (much less demonstrated) the existence of any such agreement, the Court denies this request.

## I. DEFENDANT'S MOTION TO VACATE

The Court will first address Defendant's motion seeking to vacate this Court's prior order dated March 18, 2019, in which the Court denied two motions to dismiss filed by Defendant. (*See* ECF No. 37 at 1, 12 (denying motions to dismiss); ECF No. 38, (requesting vacatur of prior order).) Defendant argues primarily that the Court lacks jurisdiction to hear this case. (*See* ECF No. 38.) Though Defendant—who appears before the Court *pro se*—did not initially bring his motion pursuant to any particular rule, *id.*, he has since clarified that he seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 41 at 1.) Rule 60 permits a district court to provide relief "from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). An order denying a defendant's motion to dismiss is not a final order, and thus Rule 60 offers no assistance to Defendant. *See Nero v. Mosby*, 890 F.3d 106, 121 (4th Cir. 2018) (explaining that "the denial of a motion to dismiss is generally not a 'final' judgment"). The Court, however, being mindful of its obligation to liberally construe the filings of *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), will treat Defendant's motion to vacate as a motion for reconsideration of the Court's prior order under Rule 54(b) of the Federal Rules of Civil Procedure.

Under Rule 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). "Said power is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). While Rule 54(b) motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment," under Rule 59(e), *see id.* at 514, courts in this Circuit have

frequently looked to the standards under Rule 59(e) for guidance in considering such motions.[2] Like Rule 59(e) motions, Rule 54(b) motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." *South Carolina*, 232 F. Supp. 3d at 793. Here, Defendant merely seeks to relitigate arguments previously raised and rejected. (*See, e.g.*, ECF No. 38 at 1–2 (attempting to revive the contention that this Court lacks subject matter jurisdiction—an argument rejected by this Court in ECF No. 37 at 4.) Thus, Defendant's motion is denied.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A. Background

Defendant, a self-described "nontaxpayer," (ECF No. 4 at 6), has filed federal tax returns, over a period of years which are outlined in Plaintiff's Complaint, in which he reported an income of zero dollars even though his employers have reported, over the same period, paying him a salary. (ECF No. 24-1 ¶¶ 6–7.) The Internal Revenue Service ("IRS") made a determination that these returns were frivolous and assessed penalties against Defendant pursuant to 26 USC § 6702(a). (*Id.* at ¶¶ 8–9.) A delegate of the Secretary of the Treasury then made assessments against Defendant for the unpaid taxes; and, in addition, assessed additional statutory penalties and interest for non-payment of taxes. (ECF No. 1 ¶¶ 6, 12.) The United States now moves for summary judgment against Defendant seeking a judgment (1) for the unpaid federal income tax, penalties, and interest assessed against the Defendant as of the date of the filing of its motion, September 17, 2018, plus interest and penalties accrued

---

[2] *See, e.g., South Carolina v. United States*, 232 F. Supp. 3d 785, 792–93 (D.S.C. 2017); *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC 13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014); *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 1435674, at *3 (N.D.W. Va. Apr. 25, 2012).

after that date until paid in full; (2) for the civil penalties assessed against the Defendant under 26 U.S.C. 6702 for frivolous tax submissions as of September 17, 2018, plus interest that has accrued after that date until paid in full; and (3) declaring that he is not entitled to a refund for any taxes paid in connection with the 1999 through 2017 tax years.  (ECF No. 24 at 1.)

   **B.  Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the evidence and "resolve all factual disputes and any competing, rational inferences in the light most favorable" to the nonmoving party.  *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).  The role of the court is not "to weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A genuine issue for trial exists only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id.*  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.* at 249–50 (citations omitted).

In opposing a properly supported motion for summary judgment, the nonmoving party cannot rest on "mere allegations or denials," *id.* at 248 (internal quotation omitted), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party must support its assertions by citing to particular parts of the record or showing that materials cited do not establish the absence of a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *see Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

### C. Plaintiff's Claim for Unpaid Taxes and Related Statutory Penalties and Interest

A tax assessment "amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Such assessments are "entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court." *Id*; *see also United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980) ("The [IRS] Commissioner's determination of tax liability is presumptively correct."). Because of this presumption of correctness, "taxpayers have the burden of proving that the IRS's computations . . . were erroneous." *United States v. Lena*, 370 F. App'x 65, 70 (11th Cir. 2010). The taxpayer must do so "by persuading the finder of fact, by a preponderance of the evidence, that the assessment is incorrect." *United States v. Brooks*, No. 6:17-cv-2010-TMC, 2019 WL 642917, at *3 (D.S.C. Feb. 15, 2019) (citing *United States v. Janis*, 428 U.S. 433, 440 (1976)). To disprove his liability, a taxpayer "cannot merely rely upon his 'tax returns, uncorroborated oral testimony, or self-serving statements.'" *United States v. Short*, No. 1:13-CV-899, 2015 WL 9592521, at *3 (M.D.N.C. Dec. 31, 2015) (quoting *Lena*, 370 F. App'x at 70). If the taxpayer cannot rebut his presumptive liability, "the trial court is justified, in fact required, to enter summary judgment for the amount of the taxes proved to be due." *Brooks*, 2019 WL 642917, at *3 (quoting *United States v. Dixon*, 672 F. Supp. 503, 507 (M.D. Ala. 1987)).

Here, Plaintiff has met its initial burden of production by providing evidence which exhaustively documents the assessments the IRS made against Defendant for unpaid taxes and associated statutory penalties and interest. Specifically, the United States seeks a judgment for unpaid taxes assessed against the Defendant for the tax years 2000, 2003 through 2006, 2010 through 2012, and 2014. (ECF No. 24 at 1.) In each of these years, Plaintiff reported no taxable income. (*See* ECF Nos. 24-3 at 6; 24-5 at 1, 3–5, 8–9, 11–12, 15.) During the same years Defendant's employers reported paying him an income. (*See* ECF Nos. 24-4 at 1, 2, 4, 5; 24-6 at 1–2.)[3] Based on this evidence, a delegate of the Secretary of the Treasury made assessments against Mr. Lovely for unpaid federal income taxes. (*See* ECF No. 24-2 at 2 (tax year 2000), 11 (2003), 17 (2004), 23 (2005), 28 (2006), 34 (2010), 41 (2011), 47 (2012), 54 (2014).) Defendant received notice of these assessments when the IRS issued Statutory Notices of Balance Due for each tax year. (*See id.* at 7–8 (tax year 2000), 13–14 (2003), 19–20 (2004), 25 (2005), 30–31 (2006), 37 (2010), 44 (2011), 50–51 (2012), and 56 (2014).) As an additional consequence of Defendant failing to pay taxes during these years, the United States assessed three statutory penalties against Defendant for (1) "failure to pre-pay his taxes," 26 U.S.C. § 6654, (2) "failing to timely file returns and pay the taxes due," 26 U.S.C. §6651, and (3) "for understating his income." (ECF No. 24-1 ¶¶ 15–17 (declaration of revenue officer attesting to accrual of penalties); ECF No. 24-3 at 6–7 (tax year 2000), 11–13 (tax year 2003), 15–17 (2004), 19–21 (2005), 22–24 (2006), 30–31 (2011), 34–35 (2012), 38–39 (2014) (documenting penalties assessed).) The United States also now claims statutory interest that

---

[3] Defendant's employers did not report any income information for him in 2014. The IRS's tax assessment against Defendant for 2014 is based on the tax return he filed that year. (*See* ECF Nos. 24-1 ¶ 13; 24-2 at 54.)

6

has accrued on the federal income tax liabilities of Defendant under 26 U.S.C. § 6601(a), which provides for interest to be charged on late tax payments as set out under 26 U.S.C. § 6621(a)(2). (*See* ECF Nos. 24-1 ¶ 14 (declaration of revenue officer attesting to accrual of interest due); 24-3 at 6 (tax year 2000), 11 (2003), 15 (2004), 19 (2005), 22 (2006), 25 (2010), 30 (2011), 34 (2012), 38 (2014) (documenting interest due).)

To further satisfy its burden of producing evidence to support its tax assessments against Defendant, the United States offers the declaration of Revenue Officer Anita Bond—the officer in charge of collecting Defendant's unpaid liability—who attests to the validity of Plaintiff's claim for unpaid taxes, statutory penalties, and interest. (*Id.* ¶¶ 1, 9, 18.) Bond's declaration, in turn, is supported by:

1. a collection of Form 4340 Certified Transcripts of the income taxes and penalties assessed against Defendant, each of which an IRS employee has signed to certify that the exhibit contains all relevant "assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments" related to Defendant's tax filing for the year in question, (ECF No. 24-2 at 1, 10, 16, 22, 27, 33, 40, 46, 53),

2. Account Transcripts of Defendant's income taxes and civil penalties, (ECF No. 24-3),

3. a summary of an IRS audit of Defendant, (ECF No. 24-4),

4. copies of income tax returns filed by Defendant, (ECF No. 24-5), and

5. transcripts of third-party reports by which Defendant's employers reported paying him wages, (ECF No. 24-6).

(*See* ECF No. 24-1 ¶ 4.) Thus, the United States has met its initial burden of producing substantial evidence demonstrating Defendant's liability for unpaid taxes plus statutory penalties and interest in the total amount of $94,137 as of September 27, 2017. (ECF. No. 24-1 at ¶18.) As a result of the substantial evidence in the record to support the assessments that

make up this total liability, produced by the United States, the burden now shifts to Defendant to show the tax assessments levied against him are incorrect.

Defendant has offered no evidence creating a genuine issue as to the correctness of the taxes assessed against him. At no point in this litigation has Defendant argued that he never worked for pay or that the United States overstates his income. (*See, e.g.*, ECF Nos. 4, 11, 20, 30.) Rather, Defendant makes a litany of arguments he views as exculpatory, the most comprehensible of which include that:

- The Court lacks jurisdiction to hear this case (*see, e.g.*, ECF No. 4 at 3)
- Defendant is not "an employee who has earned any wages" (*id.* at 4)
- The IRS is not a "legitimate, congressionally enacted entity" (*id.* at 10)
- Defendant has not been "involved in any federally taxable activities" (ECF No. 11 ¶ 15)
- The assessments made against him are not in the record. (ECF No. 30 at 1–2.)

These arguments are not supported by any evidence in the record and are in large part frivolous. Defendant has thus failed to rebut the presumption of correctness of the assessments against him proven by the United States, including penalties and interest accrued. While Defendant may, perhaps earnestly, believe that he need not pay federal income taxes on his wages, and argues vigorously in support of his belief, such belief is not consistent with the law. (*Compare, e.g.*, ECF No. 4 at 4 (contending that Defendant is not an "employee" earning "wages" as defined by 26 USC § 3121) *with, e.g., Yuen v. United States*, 290 F. Supp. 2d 1220, 1224 (D. Nev. 2003) ("Wages are income upon which Plaintiff owes a tax.") (internal citations removed).)

The Court concludes that Plaintiff is entitled to a judgment as a matter of law against Defendant for unpaid taxes, and also concludes that Plaintiff is entitled to the statutory penalties and interest related to these unpaid taxes. (*See* ECF No. 24-1 ¶¶ 14–17 (describing the penalties and interest arising from Defendant's unpaid liabilities).) Therefore, Plaintiff's motion will be granted to the extent it seeks a judgment for unpaid taxes and related statutory penalties and interest.

**D.     Plaintiff's Claim for Civil Penalties and Interest for Frivolous Returns Under 26 U.S.C. § 6702(a)**

Title 26 of the United States Code provides for a civil penalty for filing a frivolous tax return. A tax return is frivolous if it (1) "contains information that [is] . . . substantially incorrect," and (2) the return in question "is based on a position which the Secretary has identified as frivolous." 26 U.S.C. § 6702(a). "In any proceeding involving the issue of whether or not any person is liable for a penalty under . . . [§] 6702, the burden of proof with respect to such issue shall be on the [United States]." *Id.* at § 6703(a). The government's burden of proof when it claims civil penalties for filing frivolous returns follows the same burden shifting framework as government claims for unpaid taxes. *United States v. Trevitt*, 196 F. Supp. 3d 1366, 1378–80 (M.D. Ga. 2016). The government must first meet its burden of production by producing documentation of the penalties it has assessed against the taxpayer for filing frivolous returns. *Id.* at 1379. These assessments are likewise entitled to a presumption of correctness. Once sufficient evidence documenting these assessments has been produced, the burden then shifts to the taxpayer to "provide sufficient evidence to persuade the Court the IRS's determinations are incorrect." *See id.* at 1380.

9

In terms of what constitutes a frivolous return, Courts have "repeatedly characterized returns [of working individuals] reflecting zero income and zero taxes as frivolous." *Blaga v. Comm'r of Internal Revenue*, T.C. Memo. 2010-170, 2010 WL 3023961, at *4 (Aug. 3, 2010); *Lena*, 370 F. App'x at 70; *Yuen*, 290 F. Supp. 2d at 1224 (collecting cases illustrating the "tired and frivolous" nature of claims that wages are not income on which federal income tax is owed). Additionally, the I.R.S. has specifically deemed the argument that only employees of the federal government need top pay income taxes as frivolous. I.R.S. Notice 2010-33, 2010-17 I.R.B. 609–10; *see also* IRS, *The Truth About Frivolous Tax Arguments*, 25 (2018), https://www.irs.gov/pub/taxpros/frivolous_truth_march_2018.pdf (last visited Sept. 24, 2019).

Here, Plaintiff has carried its burden of production by providing evidence which comprehensively documents the civil penalties assessed against Defendant for filing frivolous returns. (ECF No. 24-1 ¶ 9.) The United States has provided evidence documenting each assessment made against Defendant for filing a frivolous return. (*See* ECF No. 24-2 at 59 (tax year 1999), 64 (2000), 69 (2003), 74 (2004), 79 (2005), 83 (2006), 88 (2010), 94 (2011), 99 (2012), 104 (2013), 109 (2015), 112 (2016).) Moreover, it has produced evidence documenting that it provided notice of each penalty assessed for filing a frivolous return. (*See id.* at 60 (tax year 1999), 65–66 (tax year 2000), 70–71 (2003), 75–76 (2004), 80 (2005), 84–85 (2006), 91 (2010), 96 (2011), 101 (2012), 106 (2013), 109 (2015), 112 (2016).) Additionally, Plaintiff provides evidence documenting the interest that has accrued on Defendant's unpaid civil penalties for filing frivolous returns. (*See* ECF No. 24-3 at 42 (tax year 1999), 44 (2000), 46

(2003), 48 (2004), 50 (2005), 52 (2006), 54 (2010), 58 (2011), 61 (2012), 64 (2013), 67 (2015), 69 (2016).)

The assessed penalties and related interest owed by Defendant for filing frivolous returns are, likewise, documented by Revenue Officer Bond's declaration which is based on Plaintiff's Exhibit A, a collection of Form 4340 Certified Transcripts that have been individually certified as accurate. (ECF Nos. 24-1 ¶¶ 4, 9–11 (declaration of the revenue officer attesting to penalties and interest accrued); 24-2 at 58, 63, 68, 73, 78, 82, 87, 93, 98, 103, 108, 111 (documenting penalties).) In total, Plaintiff has produced evidence supporting its entitlement to a judgment in the amount of $84,427 as of September 17, 2018. (ECF No. 24-1 ¶ 11.) As a result of the substantial evidence in the record to support these assessments that make up this total liability, the burden, once again, shifts to Defendant to persuade the Court of the incorrectness of the IRS's determination that his tax returns were frivolous.

Defendant offers no evidence, documentary or otherwise, to persuade the Court that the IRS's assessments are incorrect. These penalties for frivolous filings comply with the two requirements set forth in § 6702(a). First, Defendant filed returns that were "substantially incorrect by filing tax returns that listed zero income for years where third parties reported paying him." *See* 26 U.S.C. § 6702(a). Second, Defendant's frivolous returns are based on arguments that have been "identified as frivolous" by the IRS. *See id.* As an example, Defendant appears to argue that he is not subject to the federal income tax because, as a private sector worker, he is not an "employee" as the term is used in the Internal Revenue Code. (*See, e.g.*, ECF No. 28 at 2.) As discussed above, the IRS has determined this argument to be frivolous. *See* I.R.S. Notice 2010-33, 2010-17 I.R.B. 610. *See* I.R.B. No. 2010-17 at 610.

11

Moreover, Defendant's arguments that his returns were not frivolous are not persuasive and have been repeatedly rejected by federal courts. Defendant's primary claim—that as a matter of law he made zero taxable income despite being employed—is incorrect as it is established beyond doubt that employees must generally pay federal income tax on their salaries. *See, e.g.*, *Yuen*, 290 F. Supp. 2d at 1224. Defendant's other arguments are no more compelling. For example, while it is true that Defendant filed tax returns listing zero income, such "self-serving" filings do not disprove taxpayer liability. *See Short*, 2015 WL 9592521, at *3. In addition, Defendant mistakenly believes that because his 2009 tax return was accepted by the IRS, his other, substantially similar tax returns cannot be considered frivolous. (*See* ECF No. 30 at 9.) However, the Court accepts Plaintiff's explanation that "[m]ost income tax returns are automatically processed" and that any acceptance of a tax return from Defendant for a year in which he worked but reported no income was in error. (*See* ECF No. 36 at 5–6.) Defendant has not shown that he has suffered prejudice by this error.

In sum, Defendant has failed to rebut the presumption of correctness by his failure to provide evidence persuading the Court that the IRS was incorrect to assess civil penalties against him for filing frivolous tax returns. Having determined that Defendant must pay the civil penalties for his frivolous filings, the Court also concludes Defendant must pay the interest that has accrued on these penalties. (*See* ECF No. 24-1 ¶ 10 (describing the statutory interest accrued on the civil penalties assessed against Mr. Lovely for filing frivolous returns).) Accordingly, Plaintiff's motion will be granted to the extent it seeks a judgment for civil penalties and related interest for the filing of frivolous tax returns.

## III. DEFENDANT'S REQUEST FOR TAX REFUND

Finally, in response to Plaintiff's motion for summary judgment, Defendant argues he is entitled to tax refunds. (ECF No. 30 at 7–8.) Furthermore, a counterclaim to this effect is set forth in his Answer. (*See* ECF No. 4 at 7–11.) To the extent that Defendant seeks to have this Court address this request for refunds as a motion, it must be denied. Before filing suit in federal court to pursue a tax refund, taxpayers must first file a claim for a refund with the IRS. 26 U.S.C. § 7422(a). Nowhere in his Answer/Counterclaim does Defendant allege that he has filed a claim with the IRS for a refund. (*See* ECF No. 4.) Accordingly, Defendant has failed to state a claim for a refund. Nor has he produced evidence showing entitlement to a refund.[4]

For the reasons outlined herein, the Court enters the following:

**[ORDER TO FOLLOW ON NEXT PAGE]**

---

[4] In light of this ruling, the Court finds it unnecessary to further address Plaintiff's request for declaratory relief.

# ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Vacate, (ECF No. 38), is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment, (ECF No. 24), is GRANTED.

IT IS HEREBY ORDERED that Plaintiff is entitled to a judgment in favor of Plaintiff and against Defendant for federal income taxes, penalties, and interest for tax years 2000, 2003, 2004, 2005, 2006, 2010, 2011, 2012, and 2014 in the amount of $94,317 as of September 17, 2018, plus statutory interest and penalties accrued after that date until paid in full. A Judgment will be filed contemporaneously with this order.

IT IS FURTHER ORDERED that Plaintiff is entitled to a judgment in favor of Plaintiff and against Defendant for civil penalties under 26 U.S.C. § 6702(a) for his frivolous tax submissions for the 1999, 2000, 2003, 2004, 2005, 2006, 2010, 2011, 2012, 2013, 2015, and 2016 tax years in the amount of $84,427 as of September 17, 2018 plus statutory interest accrued after that date until paid in full. A Judgment will be filed contemporaneously with this order.

IT IS FURTHER ORDERED that Defendant's Counterclaim, (ECF No. 4 at 7–11), is DISMISSED.

This, the 27th day of September 2019.

/s/ Loretta C. Biggs
United States District Judge